UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARDIN, FREEMAN ANDREW | ) | CASE NO. 15-33081 |
|     Debtor | ) | Chapter 7 |
| _____ | ) | |
| | | |
| WM. STEPHEN REISZ, TRUSTEE | ) | |
| for the Bankruptcy Estate of | ) | |
| Freeman Andrew Hardin | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | A.P. No. _____ |
| | ) | |
| THE OAK REVOCABLE TRUST | ) | |
|     Defendant | ) | |

**COMPLAINT TO AVOID AND**
**RECOVER FRAUDULENT TRANSFERS**

Wm. Stephen Reisz in his capacity as Chapter 7 Trustee for the bankruptcy estate of Freeman Andrew Hardin ("Trustee" or "Plaintiff"), by counsel, brings this Complaint under the below referenced sections of Chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code") and KRS Chapters 378 and 378A to avoid and recover fraudulent transfers made by Freeman Andrew Hardin ("Debtor" or "Hardin") to or for the benefit of The Oak Revocable Trust ("Oak" or "Defendant") and for a declaration that the property is property of the bankruptcy estate of Freeman Hardin.

**INTRODUCTION**

1.    This is an adversary proceeding filed under Bankruptcy Code sections 544, 547, 548, 549 and 550; Bankruptcy Rule 7001(1); and KRS 378 and 378A to avoid and recover fraudulent transfers made by Debtor to or for the benefit

1

of Oak.

## THE PARTIES

2. The Plaintiff is the duly appointed, qualified and acting trustee of the bankruptcy estate of the Freeman Andrew Hardin (the bankruptcy estate of Freeman Andrew Hardin is sometimes referred to herein as the "Estate").

3. Defendant, The Oak Revocable Trust ("Oak"), is a trust created by Debtor prior to his filing bankruptcy to hide and shelter property owned by him. Oak is an insider within the meaning of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 157, 1334 and Rule 83.12(a)(3) of the Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky.

5. This is a core proceeding under 28 U.S.C. 157(b)(2)(A), (E) and (F).

6. Venue in this Court is proper under 28 U.S.C. 1409(a), as this proceeding arises in and relates to the Debtor's Chapter 7 case pending in this District.

## RELEVANT FACTS

7. On or about May 15, 2015, Debtor created Oak, and transferred real property at 2143 W. Hill St., Louisville, KY to Oak. The legal description of the real property transferred is:

> Beginning on the north side of Hill Street, 106 feet East of 23rd Street as measured along the North side of Hill Street, running thence Eastwardly along the North side of

2

> Hill Street 30 feet, and extending back Northwardly of that width throughout 135 feet to a 15 foot alley.
>
> Being the same property acquired by The Oak Revocable Trust by Quitclaim Deed dated May 8th, 2015 of record in Deed Book 10403, Page 451 in the Office of the Jefferson County Clerk.
>
> Being the same property acquired by Debtor by deed dated May 28, 2008 of record in Deed Book 9249, Page 87 in the Office of the Jefferson County Clerk.

8. When Debtor made the real property transfer to Oak described in paragraph 7 above, he was insolvent.

9. The real property transfer from Debtor to Oak described in paragraph 7 above was made with the actual intent to hinder, delay, or defraud an entity to which the debtor was indebted.

10. Debtor received less than a reasonably equivalent in exchange for the transfer made described in paragraph 7 above.

### COUNT I:  AVOIDANCE OF INTENTIONAL OR CONSTRUCTIVELY FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 AND 550

11. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

12. There are creditors of Debtor who have allowable claims against him which claims existed at the time of the transfer identified in paragraph 7.

13. The transfer identified in paragraph 7 above was made to Defendant either as an initial transferee, or as immediate transferee of the initial transferee, by Debtor with the actual intent to hinder, delay or defraud entities to which the Debtor was indebted and became indebted on or after the date of the transfers.

14. Debtor received less than reasonably equivalent value in exchange for the transfer of the Debtor's property to the Defendant identified in paragraph 7 above.

15. The Debtor was insolvent on the date of the transfer identified in

3

paragraph 7 above to the Defendant or became insolvent as a result of making the transfer to the Defendant.

16. The Plaintiff is entitled to avoid the transfers of the Debtor's property to the Defendants under Bankruptcy Code Section 548(a)(1)(A) and (B).

### COUNT II:   AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 544 AND 550 AND KRS 378A

17. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

18. The transfer identified in paragraph 7 above was made to Defendant either as an initial transferee, or as immediate transferee of the initial transferee, by Debtor with the actual intent to hinder, delay or defraud entities to which the Debtor was indebted and became indebted on or after the date of the transfers.

19. Debtor received less than reasonably equivalent value in exchange for the transfer of Debtor's property to the Defendants identified in paragraph 7 above.

20. The Debtor was insolvent on the date of the transfer identified in paragraph 7 to the Defendant or became insolvent as a result of making the transfers to the Defendant.

21. The Plaintiff may avoid the transfers of the Debtor's property to the Defendants under Bankruptcy Code Section 544, 550 and KRS 378A.040 and .050.

### COUNT III:   DECLARATION THAT PROPERTY BELONGS TO THE BANKRUPTCY ESTATE

22. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

23. The transfer identified in paragragh 7 above is a sham transaction intended to shelter title of the property subject to the transfer.

24. The property identified in paragraph 7 is property of the bankruptcy estate.

WHEREFORE, Plaintiff demands judgment against Defendant, The Oak Revocable Trust:

1. Which avoids the transfer of real property at 2143 W. Hill St., Louisville, KY., identified in paragraph 7 above to Oak is avoided.
2. Which declares that the real property at 2143 W. Hill St., Louisville, KY, described in paragraph 7 above belongs to the bankruptcy estate of Freeman Harding.

Respectfully submitted,

  /s/ Wm. Stephen Reisz
Wm. Stephen Reisz
Tilford Dobbins & Schmidt, PLLC
401 W. Main St., Ste 1400
Louisville, KY 40202
(502) 584-1000
Counsel for Plaintiff